SUCESIÓN CORTIJO Y ANDINO, demandante y apelante, v. TOMÁS CRUZ, conocido por TOMÁS CORTIJO Y CRUZ, demandado y apelado.

No. 5165.—*Sometido:* Diciembre 20, 1929.—*Resuelto:* Enero 31, 1930.

*Dubón & Ochoteco,* abogados de la apelante; *García Méndez & García Méndez,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Solicítase la desestimación de la apelación establecida en este caso porque se interpuso fuera de término y porque se está tramitando de una manera negligente.

La sentencia apelada se dictó el 15 y se notificó el 17 de abril de 1929. El escrito de apelación aparece radicado el

17 de mayo siguiente o sea en tiempo, pero la parte apelada sostiene que lo fué el 18 de mayo o sea después de vencido el término de un mes que para apelar concede el estatuto.

Para probar su afirmación, presenta la apelada una declaración jurada de José Otero, archivero de la corte, que tiende a demostrar que la corte cerró sus oficinas el 17 sin que se hubiera presentado el escrito; el documento creditivo de la compra del sello de rentas internas al escrito y necesario para su validez, verificada el 18 de mayo, y la declaración jurada del empleado que vendió el sello concordante con lo que aparece del documento.

La parte apelante se opuso a la moción. En cuanto al primer motivo alegó que no existe porque el escrito por su faz revela que la apelación se interpuso el 17 y no el 18 de mayo. Presentó además la declaración jurada de Josefina Naranjo, empleada de la Corte de Distrito, que tiene a su cargo la radicación de documentos, que asegura que el 17 de mayo a las 4:15 P. M. le fué entregado el escrito con su sello de rentas internas que adhirió y canceló; la declaración jurada de José Molina que asegura que compró el sello de rentas en la colecturía de San Juan en la tarde del 17 de mayo y lo entregó esa misma tarde con el escrito en la Secretaría de la Corte, y varias certificaciones que tienden a demostrar que a fin de preparar con tiempo el cierre de las operaciones practicadas en el día, los sellos que se compran tarde en la colecturía se hacen figurar como comprados el día siguiente y que pudo ocurrir tal cosa con el sello adherido al escrito en este caso.

A virtud de lo expuesto se concluye que la preponderancia de la prueba sostiene lo que por su faz revela el escrito de apelación, a saber, que fué presentado el 17 de mayo y, por tanto, que la apelación se interpuso dentro del término de ley.

Examinado el otro motivo de desestimación, aunque en verdad parece algo imposible lo ocurrido antes de dictarse sentencia en que a virtud de prórrogas y más prórrogas para

presentar el alegato que se prometió al juez, se dilató el pronunciamiento de la sentencia desde el 27 de enero de 1928 en que terminó la celebración del juicio hasta el 15 de abril de 1929 en que se dictó la sentencia, y es algo que revela una dilación exagerada el que no se haya terminado aún la transcripción de la evidencia a los efectos de la apelación, como lo primero fué consentido por el juez que debía dictar la sentencia y lo segundo viene ocurriendo dentro de término prorrogado por la corte, no habiéndose demostrado mala fe por parte de la sucesión apelante o abuso de discreción por parte de la corte de distrito al prorrogar el término, no estamos en condiciones para adoptar tal medida.

*A virtud de todo lo expuesto, la moción de desestimación debe ser declarada sin lugar.*